IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH WATSON, | ) |
| | ) Civil Action No. 16 – 55J |
| Plaintiff, | ) |
| | ) District Judge Kim R. Gibson |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| SUPERINTENDENT TREVOR A. WINGARD, *et al.*, | ) |
| | ) ECF No. 22 |
| | ) |
| Defendants. | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons stated herein, it is respectfully recommended that the Defendants' Motion to Dismiss, (ECF No. 22), be denied in part and granted in part. It should be denied with respect to Plaintiff's claims against Defendants Pritts, Snyder and Wingard relative to the June 2013 assault. It should also be denied with respect to Plaintiff's access to courts claim against Defendant Dorr and his equal protection claim against Defendant Rinn. In all other respects, the Motion to Dismiss should be granted.

### II. REPORT

Plaintiff, Joseph Watson (hereinafter referred to as "Plaintiff"), initiated the instant action with the filing of a Motion to Proceed *in forma pauperis* on February 26, 2016. (ECF No. 1.) The Motion was granted and his Complaint was filed on March 1, 2016. (ECF No. 3.) Plaintiff sues the following individuals at SCI-Somerset, where he is currently confined: Superintendent Trevor A. Wingard, Security Captain Snyder, Unit Manager B. Westly, Sergeant L. Smith, Sergeant R. Pritts, Mail room supervisor Sue Dorr, and Kitchen supervisor Galye Rinn. Defendants have moved to dismiss Plaintiff's Complaint arguing that Plaintiff has failed to state

1

a claim upon which relief can be granted. (ECF No. 22.) For the following reasons, Defendants' Motion to Dismiss should be denied in part and granted in part.

## A. **Standard of Review**

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler, 578 F.3d at 213 (quotation marks and citations omitted); *see also* Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 117–18 (3d Cir.2013).

Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014)*.

When considering *pro se* pleadings, a court must employ less stringent standards than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a §1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently

2

alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

The court must allow amendment by the plaintiff in civil rights cases brought under § 1983 before dismissing pursuant to Rule 12(b)(6), irrespective of whether it is requested, unless doing so would be "inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); *see also* Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (asserting that where a complaint is vulnerable to dismissal pursuant to 12(b)(6), the district court must offer the opportunity to amend unless it would be inequitable or futile).

### B. Discussion

#### 1. Plaintiff's claims against Defendant Pritts, Snyder and Wingard.

Plaintiff first alleges that Defendant Pritts assaulted him on June 17, 2013 in retaliation for a 2009 lawsuit Plaintiff had filed in which Defendant Pritts was a named defendant. Plaintiff claims that Defendant Pritts gave Plaintiff an "upper cut" to his forearm and groin during a pat search and then proceeded to grope and massage Plaintiff's penis. (ECF No. 3 at pp.8-9.) When Plaintiff complained about Defendant Pritts to Defendant Snyder, Defendant Snyder allegedly showed Plaintiff an old version of a policy that allowed guards "to go up in [a] prisoner['s] groin" to justify Defendant Pritts' pat search. Id. at pp.10, 12. Plaintiff claims that Defendants Snyder and Wingard failed to properly respond to Defendant Pritts' alleged failure to follow the mandates of DC-ADM 008. Id. at p.12.

Defendants assert that the claims against Defendants Pritts, Snyder and Wingard are barred by the statute of limitations. Plaintiff's claims against Defendant Pritts dates back to

2013. Similarly, the issues that Plaintiff has with Defendant Snyder and Wingard pertain to their response – or in Plaintiff's opinion, lack of an appropriate response – to Defendant Pritts' conduct in 2013.

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States…the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…" but does not provide any applicable statute of limitations. 42 U.S.C. § 1983 (2006). Title 28 U.S.C. § 1652 provides that "[t]he laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as the rules of decision in civil actions in the courts of the United States, in cases where they apply," and 42 U.S.C. § 1988 further provides that

> the protection of all persons in the United States in their civil rights…shall be exercised and enforced in conformity with the laws of the United States…but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil…cause is held…shall be extended to govern the said courts in the trial and disposition of the cause….

28 U.S.C. § 1652 (2006); 42 U.S.C. § 1988 (2006).

In fact, the Supreme Court stated that, "in 42 U.S.C. § 1988 Congress had plainly instructed the federal courts to refer to state law when federal law provides no rule of decision for actions brought under § 1983…." Chardon v. Soto, 462 U.S. 650, 657 (1983) (citing Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio, 446 U.S. 478, 484 (1980)). Thus, in "civil rights actions under 42 U.S.C. §§ 1983, 1985, federal courts must ascertain the underlying cause of action under state law and apply the limitation period which the state would apply if the action had been brought in state court" and the "controlling statute of limitations in an action pursuant

to 42 U.S.C. § 1983 is the most analogous one provided by state law." Jennings v. Shuman, 567 F.2d 1213, 1216 (3d Cir. 1977) (citing Polite v. Diehl, 507 F.2d 119, 122 (3d Cir. 1974)); Eubanks v. Clarke, 434 F. Supp. 1022, 1030 (E.D. Pa. 1977).

In this case, the applicable statute of limitations is two years. *See* 42 Pa. C.S. § 5524; Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). Plaintiff initiated this lawsuit on February 26, 2016, more than two years after the events giving rise to Plaintiff's claims occurred. Therefore, at first glance it would appear that these claims should be dismissed as time-barred.

However, in response to this defense, Plaintiff asserts that the statute of limitations did not commence until the final appeal of his grievance (#464850) was denied on March 3, 2014. (ECF No. 28-1 at p.14.) The Third Circuit Court of Appeals has held that the statute of limitations is tolled while an inmate exhausts his administrative remedies. Pearson v. Secretary Dept. of Corrections, 775 F.3d 598, 603-04 (3d Cir. 2015). While Plaintiff would be correct if he in fact grieved the incidents in question, it is not clear from Plaintiff's final appeal response that his complaints related to the specific acts that occurred on June 17, 2013. (ECF No. 28-1 at p.14.) Without examining Plaintiff's underlying grievance, which is not part of the record at this time, it is impossible to know whether Plaintiff's claims against Defendants Pritts, Snyder and Wingard are time-barred. Therefore, it is recommended that the motion to dismiss be denied and that this issue be decided on summary judgment.[1]

### 2. **Plaintiff's claims against Defendants Smith and Westly.**

---

[1] Plaintiff, however, also alleges that Defendant Pritts opened and inspected his personal and legal mail when he was filling in as Sergeant on his unit on February 12, 2015. To the extent Plaintiff is also bringing a claim with regard to Defendant Pritts tampering with Plaintiff's mail, such a claim fails because Plaintiff has not provided sufficient facts to demonstrate that he suffered any sort of injury as a result of Defendant Pritts' actions. *See* Lewis v. Casey, 518 U.S. 343, 351 (1996).

5

Plaintiff states that after he complained and filed a grievance against Defendant Pritts for opening up his mail, he became a target for harassment and retaliation by Defendants Smith and Westly. (ECF No. 3 at p.12.) Plaintiff states that Defendant Smith moved Inmate Kennedy into his cell and that Inmate Kennedy, a known homosexual, was "crazy" and sexually intimidated Plaintiff. Id. at p.13. Plaintiff consistently complained to Defendant Smith that Inmate Kennedy smelled and needed soap and new linens, but Defendant Smith refused to give him anything. Id. at p.13. Plaintiff alleges that Defendant Smith moved Inmate Kennedy into his cell to punish him and then refused to move Plaintiff into a different cell after Plaintiff complained that he was afraid of Inmate Kennedy. Id. at pp.14-17. After asking to be moved for several days, Plaintiff stated that he was not going to go back into his cell with Inmate Kennedy or "all hell may break loose". Id. at p.17. Defendant Westly took that comment to be a threat towards Inmate Kennedy and wrote Plaintiff a misconduct. Id. at p.17.

It is well settled that retaliation for the exercise of a constitutionally protected activity is itself a violation of rights secured by the Constitution, which is actionable under section 1983. Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001); White v. Napoleon, 897 F.2d 103, 112 (3d Cir. 1990). However, merely alleging the fact of retaliation is insufficient; in order to prevail on a retaliation claim, a plaintiff must show three things: (1) that the conduct in which he engaged was constitutionally protected; (2) that he suffered "adverse action"[2] at the hands of prison officials; and (3) that his constitutionally protected conduct was a substantial motivating factor in the defendants' conduct.[3] Rauser, 241 F.3d at 333 (adopting Mount Healthy Bd. of Educ. v.

---

[2] An adverse action is one "sufficient to deter a person of ordinary firmness from exercising his rights." Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000).

[3] The crucial third element, causation, requires a plaintiff to prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action,

Doyle, 429 U.S. 274, 287 (1977)).  Once all three criteria are met, the burden then shifts to the defendants "to prove by a preponderance of the evidence that it would have taken the same disciplinary action even in the absence of the protected activity."  Rauser, 241 F.3d at 333.  This means that "prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest."  Id. at 334 (incorporating Turner v. Safley, 482 U.S. 78, 89 (1987)).

While courts have held that the filing of a grievance is protected under the First Amendment right to petition the government for redress of grievances, *see*, *e.g.*, Booth v. King, 346 F. Supp. 2d 751, 762 (E.D. Pa. 2004); Allah v. Al-Hafeez, 208 F. Supp. 2d 520 (E.D. Pa. 2002), Plaintiff has failed to explain how Defendants Smith and Westly knew about the grievance he filed against Defendant Pritts and the grievance for which he claims he was retaliated.  Nevertheless, even assuming that Defendants were aware of the grievance, Plaintiff has still failed to state a retaliation claim.  The adverse action of which Plaintiff complains is being celled with an inmate who he did not like.  However, this does not demonstrate an adverse action as contemplated by the case law.  Finally, Plaintiff does not provide any facts evidencing a causal connection between the filing of the grievance and the purported adverse action carried out by the Defendants.  Accordingly, Plaintiff is unable to state a cognizable retaliation claim against Defendants Smith or Westly.

---

or (2) a pattern of antagonism coupled with timing to establish a causal link.  *See* Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007); Krouse v. American Sterilizer Co., 126 F.3d 494, 503-04 (3d Cir. 1997)).  The mere fact that an adverse action occurs after a complaint or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events.  *See* Lape v. Pennsylvania, 157 F. App'x. 491, 498 (3d Cir. 2005).

It appears that Plaintiff is also attempting to state a failure to protect claim against Defendants Smith and Westly for celling Plaintiff with Inmate Kennedy. However, Plaintiff does not allege that he was actually assaulted by Inmate Kennedy. Rather, his Complaint reveals that he was in fear of being assaulted. The fear of an assault as opposed to an actual assault is not cognizable for purposes of stating a failure to protect claim. *See* Hudson v. Kennedy, C.A. No. 12-12, 2013 WL 4778700, at *10 (W.D. Pa. Sept. 5, 2013) (citing Smith v. Pennsylvania Dep't of Corr., 2011 WL 4573364, at *8 (W.D. Pa. Sept. 30, 2011) (citing Brown v. Ellis, 175 F.3d 1019 (7th Cir. 1999) (holding that failure to protect from actual physical injury, not failure to protect from the fear of injury, is what violated the Eighth Amendment.); Babcock v. White, 102 F.3d 267, 272 (7th Cir. 1996) ("[h]owever legitimate [plaintiff's] fears may have been, . . . it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment").

Based on the foregoing, Plaintiff has failed to state a claim against either Defendant Smith or Defendant Westly and it is recommended that the claims against them be dismissed.

### 3. **Plaintiff's claims against Defendant Dorr.**

Next, Plaintiff asserts a claim against Defendant Dorr claiming that the staff in the mailroom has been harassing Plaintiff because of a 2011 lawsuit in which Defendant Dorr was a defendant. (ECF No. 3 at pp.20-24.) To the extent Plaintiff is asserting a retaliation claim against Defendant Dorr, it fails because the timing between the 2011 lawsuit and the events complained of in his Complaint, which happened in 2015, are "too remove to suggest a retaliatory motive." *See* Watson v. Rozum, -- F.3d --, 2016 WL 4435624, at *3 (3d Cir. Aug. 23, 2016) (Two years between prior suit and adverse action is "too remote to suggest a retaliatory motive.") However, Plaintiff has conceivably stated a denial of access to courts clam against

8

Defendant Dorr. A prisoner raising an access to courts claim must show that the denial of access caused him to suffer an actual injury. See Lewis v. Casey, 518 U.S. 343, 351 (1996). An actual injury occurs when the prisoner is prevented from pursuing or has lost the opportunity to pursue a "nonfrivolous" and "arguable" claim. See Christopher v. Harbury, 536 U.S. 403, 415 (2002). Although the allegations in Plaintiff's Complaint against Defendant Dorr are somewhat convoluted, in his response to the Defendants' Motion to Dismiss Plaintiff claims that Defendant Dorr's actions caused him to miss a deadline which resulted in the dismissal of his PCRA petition. (ECF No. 28 at p.6.) Taking this allegation as true, Plaintiff has stated an access to courts claim and it is therefore recommended that such claim survive.

### 4. Plaintiff's claims against Defendant Rinn.

Plaintiff brings a claim against Defendant Rinn for not hiring Plaintiff to work in the kitchen because he has prostate cancer. (ECF No. 3 at pp.24-25.) First, Plaintiff has no constitutionally protected interest in prison employment. Davis v. Harlow, 2013 WL 1195033 (W.D. Pa. Mar. 22, 2013) (citing James v. Quinlan, 866 F.2d 627, 629-30 (3d Cir. 1989) (recognizing that inmates have no constitutional right to be assigned to a particular job; an inmate's expectation of keeping a specific prison job, or any job, does not implicate a property interest under the Fourteenth Amendment); *see also* Fidtler v. Pa. Dept. of Corrections, 55 F. App'x 33, 35 (3d Cir. 2002) ("we have held that a state inmate does not have a liberty or property interest in prison employment").

However, Plaintiff has conceivably stated an equal protection claim against Defendant Rinn. The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. "This is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly

9

situated should be treated alike.'" Artway v. Attorney General of State of N.J., 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985)). In his response to the Defendants' Motion to Dismiss, Plaintiff claims that there are other inmates who have cancer that work in the kitchen and he is being treated differently because he has prostate cancer. (ECF No. 28 at p.8.) Plaintiff admits that he was on the wait list for a kitchen job prior to informing Defendant Rinn of his cancer, but he states that other inmates that were placed on the list after him have already received jobs. Although Plaintiff's present claim does not involve a classification based on race, religion or national origin, and therefore the state action here will be valid if it is "rationally related to a legitimate state interest", *see* Tillman v. Lebanon County Correctional Facility, 221 F.3d 410, 423 (3d Cir. 2000), it is not clear why Plaintiff has remained on the wait list when other inmates with cancer have gotten jobs in the kitchen. Therefore, it is recommended that this claim proceed to summary judgment.

Finally, it appears that Plaintiff may be asserting a retaliation claim against Defendant Rinn. However, other than stating that Defendant Rinn retaliated against him for a lawsuit filed in 2009, Plaintiff does not provide any other facts to support such a claim. Moreover, the timing between the 2009 lawsuit and the denial of the kitchen job in 2015 is just too remote to suggest a retaliatory motive. *See* Watson, *supra*, at *3.

### III. CONCLUSION

For the aforementioned reasons, it is respectfully recommended that the Defendants' Motion to Dismiss, (ECF No. 22), be denied in part and granted in part. It should be denied with respect to Plaintiff's claims against Defendants Pritts, Snyder and Wingard relative to the June 2013 assault. It should be denied with respect to Plaintiff's access to courts claim against

Defendant Dorr and his equal protection claim against Defendant Rinn. In all other respects, the Motion to Dismiss should be granted.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: August 28, 2016.

_____
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Joseph Watson
 EF-9383
 SCI Somerset
 1600 Walters Mill Road
 Somerset, PA 15510

 Counsel for Defendants
 *Via CM/ECF Electronic Mail*